**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOZAY A. ROYAL, | Civil Action No. 11-4862 (CCC) (JBC) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| RUTHERFORD POLICE DEPT., *et al.*, | |
| Defendants. | |

**CECCHI, District Judge:**

Plaintiff Hozay A. Royal ("Plaintiff") filed this action alleging claims under 42 U.S.C. § 1983. ECF No. 1. Presently before the Court is the joint motion to dismiss Plaintiff's second amended complaint (the "Motion") (ECF No. 56) filed by Defendants Lieutenant Patrick Feliciano, Sergeant Anthony Nunziato, Officer Sean Farrell, Officer Michael Garner, and Officer Thomas Lewis (together, "Defendants"). For the reasons stated below, the Court denies the Motion and instructs Plaintiff to file a third amended complaint in this action.

This case has a complicated docket with an initial complaint, two amended complaints, and multiple prior opinions of the Court, and both parties appear to be unclear about the present status of this action. Defendants' Motion, for instance, argues that the Rutherford Police Department is an improper defendant in the second amended complaint (ECF No. 56 at 8-9), however this Court previously dismissed all claims with prejudice against the Rutherford Police Department in its May 9, 2018 opinion (ECF No. 49 at 7). Defendants also argue in the Motion that all of Plaintiff's Fourth Amendment claims were previously found deficient (ECF No. 56 at 5-6), but fail to acknowledge that the Court explicitly allowed Plaintiff's Fourth Amendment

1

search and seizure claims to go forward (ECF No 49 at 7). Finally, Defendants claim that Plaintiff added new claims against new Defendants in the second amended complaint. ECF No. 56 at 11-12. While Plaintiff did add a claim alleging that his due process rights were violated by the fabrication of evidence in his latest pleading (ECF No. 48 at 3), there are no new defendants named in that filing.

Plaintiff has also contributed to the confusion in this matter. Plaintiff's initial complaint filed under 42 U.S.C. § 1983 (ECF No. 1) had certain claims dismissed with prejudice and certain claims dismissed without prejudice (ECF No. 6). Plaintiff then filed a first amended complaint on February 27, 2012 containing four Fourth Amendment claims against Defendants (ECF No. 16) but subsequently had his *in forma pauperis* status revoked and the case was administratively terminated (ECF No. 18). Plaintiff petitioned the Court to reinstate his *in forma pauperis* status and that petition was granted on July 8, 2016. ECF No. 36. Plaintiff then filed a motion to amend his complaint (ECF No. 41) and was granted leave to file a second amended complaint that was to "include all allegations Plaintiff asserts in this matter and shall be Plaintiff's operative pleading." ECF No. 47. Plaintiff filed his second amended complaint on August 14, 2017, but failed to add new facts to support his claims (the second amended complaint did not include any facts at all, instead incorporating Plaintiff's prior complaints by reference).[1] ECF No. 48.

Given the convoluted state of affairs described above, the Court grants Plaintiff a final opportunity to file an amended complaint. Plaintiff is instructed to include all factual allegations

---

[1] In a prior opinion issued on May 9, 2018, the Court found that Plaintiff's second amended complaint "does not appear to allege new facts." ECF No. 49 at 1 n.1. The Court notes, however, that the second amended complaint does contain additional references to the Fourteenth Amendment and a new count against existing Defendant Nunziato, though it remains unsupported by factual allegations and requires supplementation.

and claims in his third amended complaint, without incorporating prior complaints by reference. To the extent Plaintiff is bringing new claims beyond those initially pled in this case, Plaintiff is directed to include factual allegations indicating how such claims arise out of the same conduct initially complained of and facts which demonstrate why these claims could not have been brought until now. Defendants shall respond to the third amended complaint, and if a responsive motion is filed, it shall include all arguments, supported by relevant caselaw, concerning Plaintiff's claims.

Accordingly, it is on this 20th day of August, 2019

**ORDERED** that Plaintiff shall file a third amended complaint within twenty-one (21) days of this Opinion; it is further

**ORDERED** that Defendants shall respond to the third amended complaint within twenty-one (21) days of its filing; and it is further

**ORDERED** that the Clerk shall administratively terminate Defendants' Motion (ECF No. 56).

**SO ORDERED.**

DATE: August 20, 2019

Claire C. Cecchi, U.S.D.J.