**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOZAY A. ROYAL, | : | |
| | : | Civil Action No. 11-4862 (CCC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| RUTHERFORD POLICE DEPT., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**CECCHI, District Judge.**

Currently before this Court is Defendants' motion to dismiss certain claims in Plaintiff's Third Amended Complaint. ECF No. 76. Plaintiff has filed opposition to the motion (ECF No. 77), to which Defendants have replied (ECF No. 78). For the following reasons, the motion is granted in part and denied in part.

**I. BACKGROUND**

This case has a lengthy history. Plaintiff filed a complaint in 2011 pursuant to 42 U.S.C. § 1983 alleging claims of false arrest and illegal search and seizure. ECF No. 1. Plaintiff named the Rutherford Police Department and five detectives (Patrick Feliciano,[1] Anthony Nunziato, Sean Farrell, Michael Garner and Thomas Lewis) as Defendants in this case. Id. The Court screened the complaint, dismissed Defendant Rutherford Police Department with prejudice, and dismissed the remaining claims without prejudice. ECF Nos. 6–7. On or about February 27, 2012, Plaintiff filed an Amended Complaint (the "First Amended Complaint") raising the same claims, but adding additional facts. ECF No. 16. Since then, Plaintiff has filed various amendments and supplements to his initial pleading. On July 28, 2017, after numerous filings

---

[1] Defendant Feliciano is only referred to once in the Third Amended Complaint and is not named in any causes of action. ECF No. 73 at 3, 5–6; *see also* ECF No. 76-1 at 6. As there are no claims stated against Defendant Feliciano in the Third Amended Complaint, he will be dismissed from this matter.

1

by Plaintiff, Magistrate Judge James B. Clark granted Plaintiff's request to supplement his complaint and directed Plaintiff to file an amended complaint "which shall include all allegations Plaintiff asserts in this matter and shall be Plaintiff's operative pleading." ECF No. 47.  Rather than following the Court's directive, on August 14, 2017, Plaintiff filed an Amended Complaint (the "Second Amended Complaint") which failed to lay out any facts. ECF No. 48.  Plaintiff instead sought to clarify his claims while incorporating the facts alleged in his First Amended Complaint. ECF No. 48 at 2.  This Court thus construed the First and Second Amended Complaints together, treating the First Amended Complaint as the operative complaint and the supposed Second Amended Complaint as a supplement which did not alter the allegations or claims raised in the operative First Amended Complaint. *See* ECF No. 49 at 1 n.1.  In a May 9, 2018 Opinion, the Court dismissed claims against the Rutherford Police Department with prejudice, and dismissed Plaintiff's false arrest claim with prejudice. Id. at 7.  The Court permitted Plaintiff's search and seizure claims to proceed against the five detective Defendants. Id.

Defendants thereafter filed a motion to dismiss Plaintiff's amended complaints (ECF No. 56).  On August 21, 2019, this Court administratively terminated that motion and provided Petitioner leave to file a final amended complaint which contained all of Plaintiff's claims without any incorporation by reference to Plaintiff's prior complaints given the series of attempted amendments. ECF No. 67.  Plaintiff ultimately filed his operative Third Amended Complaint on October 31, 2019. ECF No. 73.

In his Third Amended Complaint, Plaintiff once again attempts to raise his false arrest and illegal search claims, but also raises several claims for alleged Due Process violations.  Plaintiff alleges in his current complaint that, on July 20, 2010, he drove to an appliance store in Rutherford, New Jersey, to pick up two televisions which had previously been purchased using stolen credit cards.  He contends that he was arrested during this incident and that the police thereafter searched his rental van and its contents including his backpack without probable cause following his arrest.  Plaintiff asserts that a state court previously found a lack of probable cause and suppressed at least some of the fruits of the van and backpack search. ECF No. 73 at 1–5.  Plaintiff alleges that one officer, Defendant Nunziato, violated his right to Due Process

by "fabricating" a police flyer informing other police departments that Plaintiff had fraudulently purchased the TVs with stolen credit cards prior to his arrest. *See* ECF No. 77 at 14. Plaintiff alleges that this amounts to "fabricated" evidence because Nunziato could not have known whether Plaintiff or someone else had actually placed the call purchasing the TVs with the stolen credit card information. He additionally contends that some of the information used in the flyer was derived from items found in the illegal search that was suppressed by the state court judge. ECF No. 73 at 3–5. Plaintiff's complaint therefore alleges three claims: (1) that the police unlawfully searched and seized his van and his backpack, (2) that Plaintiff was falsely arrested without probable cause, and (3) that Nunziato violated his Due Process rights by "fabricating evidence" in the form of the police flyer.

On November 20, 2019, Defendants filed their motion to dismiss the Third Amended Complaint. ECF No. 76. In that motion, Defendants argue that this Court should dismiss the false arrest claim as that claim was previously dismissed with prejudice because Defendants had probable cause to arrest Plaintiff, that any claim against the Rutherford Police Department should be dismissed as all claims against the Department were previously dismissed from this matter with prejudice, that Plaintiff's Due Process claim should be dismissed with prejudice as time-barred, and that any claim regarding the search of the backpack should be dismissed.[2] Defendants concede, however, that Plaintiff's unlawful search and seizure claim regarding his van should be permitted to proceed against Defendants Nunziato and Garner, the only two Defendants alleged to have been involved in the illegal searches.

## II. DISCUSSION

### A. Legal Standard

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light

---

[2] Defendants also argue that count four of Plaintiff's complaint should be dismissed as duplicative of count one because both concern the search and seizure of Plaintiff's van. Because this Court construes those two counts as raising a single claim – the unlawful search and seizure of the van – this Court need not dismiss either count but will consider them as raising only a single claim.

3

most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Analysis

**1. Plaintiff's False Arrest Claim and Claims Against the Rutherford Police Department Are Not Properly Part of Plaintiff's Third Amended Complaint**

In his Third Amended Complaint, Plaintiff attempts to re-raise his false arrest claim which this Court previously dismissed with prejudice as Plaintiff had alleged facts clearly showing that the officers had probable cause to arrest him. Defendants further contend that by retaining the Rutherford Police Department as part of his caption, Plaintiff is attempting to rename the Department as a Defendant in this

4

matter despite it having been dismissed with prejudice previously. As the Department and Plaintiff's false arrest claims were previously dismissed with prejudice, Plaintiff may not reraise them here. ECF No. 49 at 5, 7. All claims against the Department and Plaintiff's false arrest claim are thus once again dismissed with prejudice, and Plaintiff shall not attempt to re-raise those claims in the future. As the false arrest claim is the only claim raised against Defendants Farrell and Lewis, those Defendants are also dismissed from this action.

**2. Plaintiff's Due Process Claims Are *Heck*-Barred to the Extent They Have Merit**

Defendants next argue that Plaintiff's fabricated evidence Due Process claim is untimely and should be dismissed as such. In New Jersey, actions brought pursuant to 42 U.S.C. § 1983, such as the fabricated evidence claim Plaintiff asserts here, are subject to New Jersey's two-year personal injury statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Section 1983 claims accrue at the time the plaintiff became aware of his injury, which is generally the date on which the wrongful conduct occurred. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). A special rule of accrual applies, however, to claims which would necessarily imply the invalidity of a plaintiff's criminal conviction or sentence. Where a claim for relief under Section 1983 would necessarily imply the invalidty of a prior conviction, that claim is barred pursuant to the *Heck* doctrine and neither accrues nor may be raised in a Section 1983 suit unless and until the plaintiff can show that his conviction was overturned, expunged, or otherwise invalidated. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 79–81 (2005); *Heck v. Humphries*, 512 U.S. 477, 486–87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973). That a convicted plaintiff has been released at the conclusion of his sentence does not undo this bar – so long as his claim's success would imply the invalidity of his valid conviction, his claim is *Heck*-barred notwithstanding his release from prison. *Heck*, 512 U.S. at 490 n.10.

In this matter, Plaintiff's Due Process claim is based on the alleged "fabrication" of evidence in the flyer created by Defendant Nunziato. Clearly, Plaintiff was both aware of the flyer and any harm it had done him by the time of his criminal sentencing arising out of these incidents, which occurred in June 2013.

5

*See State v. Royal*, 2015 WL 10097390, at *1 (N.J. App. Div. Feb. 17, 2016). Plaintiff first attempted to raise his flyer-related fabricated evidence claim in a letter motion to amend his complaint which Plaintiff submitted more than three years after his sentencing on November 23, 2016. ECF No. 37. Thus, absent some basis for tolling, relation back, or the application of *Heck* (meaning no claim accrued in the first place), Plaintiff's Due Process claim would clearly be time-barred as it was raised more than three years after Plaintiff became aware of the alleged injury.

Plaintiff argues that his fabricated evidence claim should relate back to his original complaint's filing date. Pursuant to Federal Rule of Civil Procedure 15(c), an amendment raising a new claim against a previously named Defendant will only "relate back to the date of the original pleading when it asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." *Wadis v. Norristown State Hosp.*, 617 F. App'x 133, 135 (3d Cir. 2015); *see also* Fed. R. Civ. P. 15(c)(1)(B). Here, Plaintiff's Due Process claim does not "relate back" to the illegal search or false arrest alleged in his original pleading. It instead arises out of separate conduct allegedly committed by Defendant Nunziato after the search and arrest had been completed – the alleged fabrication of the police flyer. As such, his Due Process claim does not relate back, and must be dismissed as untimely filed unless *Heck* applies and the claim has not accrued.

Turning to *Heck*, Plaintiff directly refers to his Due Process claim (*see* ECF No. 77 at 7) as a fabricated evidence claim based on the cause of action discussed in *Halsey v. Pfeiffer*, 750 F.3d 273, 294–95 (3d Cir. 2014). To plead such a claim, a plaintiff must plead that evidence was fabricated, that the evidence was used against him at trial resulting in his conviction, and that "there is a reasonable likelihood that, without the use of that evidence, the [plaintiff] would not have been convicted." *Id*. Because such a claim requires a showing that the plaintiff likely would not have been convicted in the absence of the alleged fabricated evidence, a meritorious *Halsey* fabricated evidence claim necessarily implies the invalidty of the underlying conviction and is thus barred by *Heck* until the underlying conviction is overturned. *Ortiz v.*

*New Jersey State Pol.*, 747 F. App'x 73, 77-78 (2018).  Thus, as Plaintiff has not shown that his conviction has been overturned, Plaintiff's *Halsey* claim is *Heck* barred and must be dismissed without prejudice.

### 3. Plaintiff's Illegal Search and Seizure Claims Shall Proceed Against Defendants Garner and Nunziato

Defendants do not argue that Plaintiff's illegal search and seizure claims regarding his van should be dismissed at this time, instead accepting that those claims should proceed against Defendants Garner and Nunziato.  Defendants do argue, however, that the claim relating to the alleged illegal search of Plaintiff's backpack and the other contents of the van should be dismissed as untimely raised.  Even if the backpack related search claim were raised for the first time in Plaintiff's current Third Amended Complaint, that claim clearly arises out of the same occurrence as the illegal search of the van and would for that reason relate back to Plaintiff's original complaint, making the claim timely. *Wadis*, 617 F. App'x at 135.  Plaintiff need not rely on relation back as to his backpack claim, however, as he first raised that claim as part of his First Amended Complaint which was filed on February 2012, within two years of the allegedly unlawful search. *See* ECF No. 16 at 5.  Accordingly, Plaintiff's backpack claim was timely filed, and Defendant's request that such claim should be dismissed is denied.

In sum, Defendants' motion to dismiss is thus granted in part and denied in part.  All Defendants other than Garner and Nunziato are dismissed from this action.  Plaintiff shall proceed only on his unlawful search and seizure claims against Garner and Nunziato related to his van and his backpack at this time.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (ECF No. 76) is **GRANTED in part and DENIED in part**.  An appropriate order accompanies this Opinion.

**DATE**:  June 29, 2020

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**CLAIRE C. CECHI, U.S.D.J.**